FRANCISCO ARABÍA, Plaintiff and Appellee, v. ARGIMIRO LAGO, Defendant and Appellant.

No. 4825. Argued March 20, 1929.—Decided December 10, 1930.

*J. Valldejuli Rodríguez* for appellant.  *M. García González* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action for damages claimed by reason of an automobile accident in which plaintiff's wife, Rafaela Santoni, sustained an injury consisting in the "loss of the normal use of her right arm, making it impossible for her to contribute with her labor and usefulness to the conjugal partnership as she was doing prior to the accident." The action was prosecuted in accordance with the jurisprudence established in *Vázquez* v. *Valdés et al.*, 28 P.R.R. 431, and *Vázquez* v. *P. R. Ry., Lt. & P. Co.*, 35 P.R.R. 59.

The plaintiff alleged that the collision was caused by the negligence of the defendant in overtaking and passing him on the road from Toa Alta to Bayamón on January 23, 1927. The defendant interposed a demurrer to the complaint on the ground of ambiguity and insufficiency, which was overruled. He then answered and denied generally and specifically each and every allegation of the complaint, and pleaded as special defense "that the collision referred to in the complaint was due exclusively to the negligence of the plaintiff, who at the time of the accident was driving at more than forty miles an

hour, on the left side of the road, and without sounding any warning.''

The answer bears date of December 2, 1927. .On May 23, 1928, the plaintiff moved for leave to file an amended complaint and his motion was granted. The amended answer denies generally and specifically the averments of the complaint, and as special defenses it alleges:

"FIRST: That if a collision occurred at the place, on the date and at the time mentioned in the complaint between a Hudson car and a Packard car, license-plate No. 3333, such collision did not occur by reason of any negligence or carelessness on the part of the defendant, nor could the latter have avoided it.

"SECOND: That if a collision occurred at the place, on the date and at the time mentioned in the complaint between a Hudson car and a Packard car, license-plate No. 3333, said collision occurred by reason of the fault, carelessness, inexperience and negligence of the plaintiff, who besides could have avoided such collision.

"THIRD: That if a collision occurred at the place, on the date and at the time mentioned in the complaint between a Hudson car and a Packard car, license-plate No. 3333, and such collision occurred due to any negligence or carelessness of the defendant, there was also contributory negligence on the part of the plaintiff and of Rafaela Santoni, which contributory negligence was the cause of the accident.''

Upon the issues thus joined, the case went to trial, at which oral, documentary and expert evidence was heard at length. On the 18th of the following April, the court found for the plaintiff and adjudged the defendant to pay to him $1,250, together with the costs and expenses incurred by the plaintiff in the action.

An appeal was taken by the defendant, who has assigned seven errors in his brief. The first relates to the demurrer. The second is based on the claim that the court relied on a theory other than that of the complaint. The next four are all connected with the weighing of the evidence; and the last refers to the costs.

The defendant-appellant contends that the complaint is insufficient in that the plaintiff merely alleged that he was

the husband of Rafaela Santoni and this "can only refer to a state of facts existing at the time of making the allegation."

Indeed, the complaint would have been more perfect if it had specifically alleged that the plaintiff was married to Rafaela Santoni both at the time of the accident and when said complaint was filed; but if the first paragraph is read in connection with the second, in which it is stated that the plaintiff was traveling accompanied by his wife, and with the fourth, the fifth, and the sixth paragraphs, in which a description is given of the condition of the wife, of the blow she received and of the consequences thereof, it will be seen that the required allegation impliedly appears.

However, the question is altogether unimportant, since the point is fully cleared by the evidence, introduced without any objection on the part of the defendant. We transcribe the following from the record:

"Q. What is your wife's name?

"A. Rafaela Santoni González.

"Defendant: The best evidence as to the civil status of the plaintiff would be the marriage certificate.

"Judge: Certainly, if it were in issue.

"Defendant: It is in issue, because otherwise he would not have a cause of action. It is our opinion that in order to be entitled to prosecute this claim, he has to show that he is the husband of the injured party, Rafaela Santoni.

"Plaintiff: To avoid unnecessary discussions, I offer in evidence the certificate of the marriage contracted between Francisco Arabía Fradera and Rafaela Santoni, issued by the person in charge of the Civil Registry of Utuado, which marriage took place on December 12, 1908.

"Defendant: No objection.

"Judge: Admitted. Plaintiff's Exhibit No. 1."

In our opinion, the second error does not exist either. All the jurisprudence cited by the appellant is correct. If the judge had decided the case on a theory other than that of the plaintiff, changing the cause of action, the judgment could not be sustained; but what seems to have occurred here was

a minor discrepancy between the statement of the facts held proved by the judge and the facts alleged and proved by the plaintiff, which can easily be explained.

The judge said:

". . . between kilometers 29 and 30, in the outskirts of Vega Alta, the defendant, who was driving his Packard automobile license-plate No. 3333, going in the same direction, and in attempting to pass, did so in such a careless manner that the right-hand side of his car struck the left rear-part of the plaintiff's car, throwing it into the ditch and against the right-side embankment of the road. . ." (pp. 11 and 12, transcript of record.)

And the plaintiff alleged:

"That the defendant was driving his car so carelessly and negligently that, when overtaking and passing the plaintiff, he turned quickly to the right and allowed the hub cap of the right rear-wheel of his car to strike the hub cap of the left front-wheel of plaintiff's car, causing the latter to swerve and throwing it against the right-side embankment of the road." (pp. 1 and 2, transcript of record.)

A consideration of the evidence shows that it contains a sufficient basis to support the allegations of the complaint. The only noticeable difference between what had been alleged and shown by the plaintiff and what was held proved by the judge consists in that the judge says that the right-hand side of defendant's car struck the left rear-part of the plaintiff's car, whereas it was alleged in the complaint, and there is evidence in the record supporting the contention, that the defendant, in passing the plaintiff, so operated his car that the hub cap of the right rear-wheel of such car struck the hub cap of the left front-wheel of plaintiff's car, causing the latter to swerve and throwing it against the embankment.

It is a matter of detail. Essentially the theory is the same—a collision which occurred when the defendant's automobile passed the plaintiff's, colliding with it and dashing

it against the embankment of the road, thereby causing injury to the plaintiff's wife.

In the third, fourth, and fifth assignments it is contended that the plaintiff failed to show the specific acts of negligence charged to the defendant; that he failed also to prove that "the defendant had collided with the plaintiff when passing him," and that the court erred in concluding that the collision was due to the negligence of the defendant and not to that of the plaintiff.

If we went into an analysis of the evidence for the purpose of stating all that has been shown, we would have to lengthen considerably this opinion, without any benefit to the jurisprudence.

The conclusions of the trial judge are well reasoned and it is sufficient to say that, with the exception of the detail, to which we have alluded in considering the second error assigned, those conclusions are supported by the evidence. The collision occurred indeed by reason of the defendant's attempt to pass the plaintiff, at great speed and without taking the proper precautions.

On those points as to which the evidence was conflicting, the conflict was adjusted by the trial court directly in favor of the plaintiff, and no passion, prejudice or bias has been shown.

The appellant contends in his sixth assignment that the court erred in weighing the evidence and assessing the damages at $1,250.

As a basis for its conclusion regarding the impairment suffered by plaintiff's wife of the functional capacity of her right arm, to the prejudice of the conjugal partnership, the court not only relied on the expert testimony offered by the plaintiff, but also on that introduced by the defendant.

Perhaps the trial judge omitted something in stating his viewpoint, or it may be that the evidence was not as specific as it should have been. It is very difficult to cover everything in cases of this kind. It is likewise difficult to fix the

amount of the damages recoverable so that, when viewed from every angle, the amount allowed will appear as the only fit and proper award. Considering the seriousness of the injury received and its permanent effect, the sum awarded in the present case does not seem to us excessive. The error does not exist.

The last of the errors assigned is also nonexistent. Considering the attitude assumed by the defendant in resisting the claim, and the facts of the case as shown, his obstinacy is evident. The court did not abuse its discretion in imposing the costs on him.

The judgment appealed from must be affirmed.